LITTLE
ROCK,
Jan'y 1839

GRANTHAM
*vs.*
WILLIAMS.

ARAMINTA GRANTHAM *against* WILLIAM WILLIAMS, ADM'R.

PETITION *for Mandamus to Judge of Johnson County Court.*

Under the old statute, the privilege given to the husband, wife, or distributees of an intestate, to take out letters of administration, was limited to the term of *sixty* days, and that to the creditors, to *ninety* days after the death of the intestate; and on the failure of either to appear and take out letters within the time allowed, their right or privilege was lost and extinguished, and all other persons were placed on an equal footing with them.

It was not necessary for a citation to issue to the widow, but her right to administer was lost if not exercised within sixty days.

No one except a creditor was entitled to apply for a citation. It was a privilege given to the creditors for their protection against waste of the estate, and by exercising it, they could limit the time in which those first entitled might administer, to thirty days service of the citation.

The widow had no priority of right over a distributee. To elect between them was left to the sound discretion of the county court; and in the exercise of that discretion, this court will presume the county court acted correctly.

LACY, *Judge,* delivered the opinion of the court:

This is a motion in behalf of *Araminta Grantham* for a mandamus to issue against the Judge of the Johnson Probate Court, commanding him to grant to her letters of administration on the estate of her deceased husband. It appears from the petition and record filed in the case that the parties admitted on the trial before the court below, that Richard Grantham departed this life in the year 1834, that *Araminta Grantham* is his widow, and *William Williams* intermarried with his daughter, who is still a minor under the age of twenty-one years, that no administration was ever granted on the intestate's estate till the year 1838, when *William Williams* applied to the clerk in vacation to grant him letters, which was accordingly done, and that the letters of administration which were granted to him, were afterwards confirmed at the July term of the Johnson Probate Court; and that *Araminta Grantham* appeared and contested the matter, and filed her bill of exceptions to the opinion of the court, which was signed by the judge, and made part of the record.

On the part of the petitioner it is contended that *Araminta Grantham* being the widow of Richard Grantham, deceased, was entitled by law, to the administration; because no citation was ever issued, calling on her to appear and take out letters of administration on the estate of her deceased husband, which the statute regulating such proceedings requires. This question involves the true meaning or construction of

the act of the legislature upon the subject, and depends solely on that interpretation. Its provisions are somewhat loose and disconnected; but they are deemed sufficiently explicit to warrant the following conclusions. See *Digest,* p. 47, s. 4.

There are three separate and distinct classes of persons who are authorized to sue out letters of administration by applying to the clerk in vacation, or the court in term time, and complying with the requisitions of the statute. First, the husband or wife, or the distributees of the estate, provided they apply within sixty days after the death of the intestate; secondly, the creditors, who are required to apply within ninety days; and in the event that neither the husband, wife, or distributees, nor the creditors make their applications within the time prescribed, then, all other persons whatsoever, who lie under no legal disability, can apply, and take out letters of administration; the privilege or preference that is given to the husband, wife, or distributees is limited to sixty days, and that of the creditors to ninety days, and on their failure to appear and take out letters of administration within the time allowed therein, then their right and privilege is lost and extinguished by their own laches or neglect; and all other persons are placed on an equal footing with them. In the case now before us, it is insisted that the widow was entitled to a citation for her to appear and take out letters, and until that issued and was executed, her right or privilege was never destroyed.

It is a sufficient answer to the argument, to say, that she could have no privilege to administer after the lapse of sixty days, and in the present case, there was no application to sue out letters of administration, until upwards of two years after the death of the intestate. Besides, the court apprehend, that no one except creditors are entitled to apply for a citation, and as the defendant is a distributee, and not a creditor, she had no right to have a citation awarded her. The words of the act are, " On the application of any person interested, it shall be lawful for the clerk, or court to issue a citation to any person entitled to administration as aforesaid," which terms apply exclusively to creditors, and this privilege or right seems to have been given them by the legislature to protect the estate against the wasteful expenditure of the husband or wife, or distributees. Should the creditors apply, and obtain the citation, then those who were in the first instance entitled to sixty days to administer, would not be allowed that time to sue out letters, but would be confined to thirty days' service of the citation. This, in

LITTLE
ROCK,
Jan'y 1839

GRANTHAM
vs.
WILLIAMS.

the opinion of the court, is the only sensible construction that can be given to the latter clause of the fourth section of the act, and to admit of any other, would be to make it inconsistent with itself, and with the object and intention of the legislature.

Again, it is clear, that at no time in the case now under consideration, had the widow any priority of right over the distributee in having the administration granted her, for the matter is expressly left by the statute, to the sound discretion of the court, and in its exercise of that discretion, we are bound to presume the court acted correctly. In no view of the subject that we have been able to take, can we perceive the court erred in granting letters of administration on the estate of Richard Grantham to *William Williams*.

The motion for mandamus must, therefore, be dismissed, with costs.